IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| GEORGE JACKSON | § | |
| v. | § | CIVIL ACTION NO. 6:09cv122 |
| R. HARRIS, ET AL. | § | |

MEMORANDUM OPINION AND PARTIAL ORDER OF DISMISSAL

The Plaintiff George Jackson, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The parties have consented to allow the undersigned United States Magistrate Judge to enter final judgment in this proceeding pursuant to 28 U.S.C. 636(c). As Defendants, Jackson sued R. Harris, a parole officer at the Michael Unit; Stuart Jenkins, the director of the Pardons and Paroles Division of TDCJ; M. Woods and Lee Humphreys of the parole office in Palestine; and A. Jones and Joni White of the TDCJ Classification and Records Department.

An evidentiary hearing was conducted on June 29, 2009. At this hearing and in his complaint, Jackson says that he was convicted in Texas state court on December 12, 2005, receiving a sentence of four years in prison. On July 12, 2008, he was notified that a detainer had been placed upon him by the Sheriff's Office in Natchitoches Parish, Louisiana, for outstanding criminal charges, although it did not specify these charges.

On August 21, 2008, Jackson was told to come to the unit parole office and see R. Harris, the parole officer, for what was described as an "early parole review." Jackson told Harris the address to which he wanted to parole, but Harris began talking about the Louisiana detainer and the charges pending against him there; Jackson says that he did not receive Miranda warnings, nor was he offered assistance of counsel.

Instead, Jackson says that Harris "began a vicious racial interrogation" about the allegations in the detainer, despite the fact that Jackson had not been arrested on the charges and did not even know what the charges were. Nonetheless, Jackson says that Harris told him that he was guilty, that he had no rights, that no lawyer could help him, and that he should sign a statement about the charges. Harris told Jackson that he had "just got off the phone" with a Louisiana detective named Quick, and that Quick and his (Harris') bosses wanted Harris to "do some more police work into this 'rape' that plaintiff did in Louisiana." Harris told Jackson that "you better go ahead and tell me about it," saying that "we got you like CSI."

Jackson says that Harris went on to accuse him of "raping that lady Ms. ----," that "Detective Quick faxed me the whole case and you're guilty," that "you ain't got any rights in here," and that Harris had sent Jackson's whole file, medical records and all, to Quick; Jackson notes that he did not sign a medical release form authorizing the release of this information to Quick. Harris again said that Jackson was "already guilty," adding that he, Quick, and his bosses were going to classify Jackson as a sex offender, so that Jackson would have this classification when he returned to Louisiana.

Jackson says that Harris then picked up a stack of papers on his desk and said that "here is the whole rape case that Detective Quick faxed me." Harris again said that Jackson had no rights and that no lawyer could help him, and that Jackson should "sign this confession so we can get this over with," Harris said that Jackson was not going to leave the office until he signed the confession, but Jackson continued to refuse, to which Harris said "oh, that's the way you're going to be" and asked him "what color woman" he was keeping company with in Louisiana.

Jackson says that "on information and belief," he thinks that Harris discussed the charges against him with an inmate named Gray. He says that Gray could have written to Crime Stoppers and claimed that Jackson had confessed to him, or otherwise jeopardized his life.

On October 1, 2008, Jackson says that Harris had him return to the office. There, he states that Harris said that he knew about the complaint which Jackson had filed against him and said

that the "Northern IPO Palestine Regional" has classified Jackson has a sex offender, so Jackson should sign the confession so that Harris could send it to Quick. Jackson says that the response to his complaint was that Harris was only "furthering his investigation."

In his amended complaint, Jackson says that Harris subjected him to interrogations and threats in investigating an alleged Louisiana criminal offense, although Harris is not authorized to act as a Louisiana police officer. He states that he was not informed of his rights and not provided with counsel, and that Harris, along with White and Jones, had him classified as a sex offender although he has never been convicted of a sex offense. Jackson also says that Harris told inmate Gray about the Criminal charges and that Gray "spread the word" about the charges and classification in an attempt to have Jackson beaten and possibly killed, although he offers nothing to show that any harm actually came to him as a result.

Legal Standards and Analysis

It is apparent from Jackson's complaint that the primary defendant involved in the claims is Harris, the parole officer whom Jackson says interrogated him and instigated his classification as a sex offender. Jackson made broad and general accusations that the other defendants were involved in a conspiracy; however, the Fifth Circuit has stated that specific facts must be pled when a conspiracy is alleged; mere conclusory allegations will not suffice. Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986). In pleading these specific facts, the Plaintiff must allege the operative facts of the alleged conspiracy. Lynch v. Cannatella, 810 F.2d 1363, 1369-70 (5th Cir. 1987). Furthermore, the Fifth Circuit has stated that "charges as to such conspiracies must be based on substantial and affirmative allegations, and no mere gossamer web of conclusion or inference, as here, trifles light as air," will suffice to sustain a claim of conspiracy. Crummer Company v. Du Pont, 223 F.2d 238, 245 (5th Cir. 1955, *reh. den.*). Jackson's allegations of conspiracy are not sufficient to set out a Section 1983 claim against the remaining defendants in this lawsuit.

Nor may Jackson maintain a claim of supervisory liability against Harris' superiors. The Fifth Circuit has held that lawsuits against supervisory personnel based on their positions of

authority are claims of liability under the doctrine of *respondeat superior*, which does not generally apply in Section 1983 cases. Williams v. Luna, 909 F.2d 121 (5th Cir. 1990). A supervisor may be held liable if there is personal involvement in a constitutional deprivation, a causal connection between the supervisor's wrongful conduct and a constitutional deprivation, or if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force behind a constitutional deprivation. Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987). In this case, Jackson's pleadings and testimony show that Harris was the individual involved with the alleged deprivations, and Jackson makes no showing that Jenkins, Wood, or Humphreys had any direct involvement with the facts forming the basis of the claim.

Nor has Jackson set out any constitutional claim against White or Jones, the TDCJ classification officials. As a general rule, inmates do not have a protected liberty interest in their custodial classification. Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992). To the extent that Jackson has a protected liberty interest in not being classified as a sex offender when he was not convicted of a sex offense, his claim in this regard is against Harris, whom he says instigated this improper classification. Jackson's claims against Harris, including his allegations of an improper interrogation (including attempts to have Jackson sign a confession), improper reclassification as a sex offender, and deliberate indifference to Jackson's safety by discussing the pending charges against Jackson with another inmate, require further judicial proceedings. The remaining defendants in the lawsuit should be dismissed.

## Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees. Section 1915A(b) requires that upon review, the court shall identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

The term "frivolous" means that a complaint lacks an arguable basis in law or fact; a complaint is legally frivolous when it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 325-7 (1989). A complaint fails to state a claim upon which relief may be granted if as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Neitzke v. Williams, 490 U.S. 319, 327, (1989), *citing* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *see also* Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995).

In this case, Jackson's complaints against all of the Defendants except for parole office R. Harris lack any arguable basis in law and fail to state a claim upon which relief may be granted. Consequently, these claims may be dismissed as frivolous under 28 U.S.C. §1915A(b). *See generally* Thompson v. Patteson, 985 F.2d 202 (5th Cir. 1993). It is accordingly

ORDERED that the Plaintiff's claims against the Defendants Stuart Jenkins, M. Woods, Lee Humphreys, A. Jones, and Joni White are hereby DISMISSED with prejudice as frivolous. It is further

ORDERED that the Defendants Stuart Jenkins, M. Woods, Lee Humphreys, A. Jones, and Joni White are hereby DISMISSED as parties to this lawsuit. The dismissal of these claims and parties shall have no effect upon the Plaintiff's claims against the Defendant R. Harris. Finally, it is

ORDERED that the dismissal of these claims and parties shall not count as a strike for purposes of 28 U.S.C. §1915(g).

**So ORDERED and SIGNED this 8th day of July, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE